[Civ. No. 9469. First Appellate District, Division Two.—May 28, 1934.]

ANNIE H. DARBEE, Petitioner, v. THE SUPERIOR COURT OF SAN MATEO COUNTY et al., Respondents.

John E. Manders, Rowland R. King and Charles A. Christin for Petitioner.

W. R. Lowery for Respondents.

STURTEVANT, J.—The petitioner is here seeking annulment of an amended order for immediate possession made in a proceeding in eminent domain. Heretofore "County of San Mateo, a political subdivision of the State of Cali-

fornia'' commenced an action in eminent domain against this petitioner and many others. Those parts of the complaint in that action material to a consideration in this action are as follows: (After title of court and cause), ''Complaint in eminent domain. Plaintiff above named brings this proceeding in eminent domain and for grounds of said proceeding alleges that:

''I.

''Plaintiff County of San Mateo is a county and political subdivision of the state of California, duly formed, organized, and existing under and by virtue of the laws of the state of California, and as such county and political subdivision of the state is in charge of constructing and maintaining highways within said county, and is by law vested with authority to exercise the power of eminent domain for the purpose of acquiring rights of way in the construction and maintenance of highways.'' Paragraphs II and III designate and describe certain defendants.

''IV.

''That prior to the commencement of this action and on the 4th day of December, 1933, the board of supervisors of the county of San Mateo of the state of California duly passed and adopted a resolution, determining and declaring that public interest and necessity required the acquisition by said county of San Mateo through eminent domain proceedings, of a right of way in and over the lands hereinafter described for purposes of a public highway to be constructed thereon by the county of San Mateo of the state of California. Said resolution was adopted by said board of supervisors of the county of San Mateo of the state of California and is in words and figures as follows, towit:

'' 'Resolved, that public interest and necessity require the acquisition by the county of San Mateo, a political subdivision of the state of California, of the following parcels of real property situate in the county of San Mateo, state of California, more particularly described as follows towit: Parcel 1–A: All that certain parcel of land situate in San Mateo county, state of California being a strip of land lying easterly of the westerly right of way line of Junipero Serra Boulevard Extension, under authority of ''Joint Highway District No. 10 of the State of California,'' said right of way being 87.5 feet westerly and concentric with the surveyed

center line of said boulevard and said strip also lying westerly of the San Pedro Road and being more particularly described as follows: (Here follows description by metes and bounds). . . .

" 'Be It Further Resolved that said lands are suitable, adaptable, necessary, and required for the public use of said county of San Mateo, towit: for the construction, operation, maintenance, and use of an extension to Junipero Serra Boulevard. It is necessary that a fee simple title be taken to said lands.

" 'The district attorney is hereby ordered and directed to commence proceedings in eminent domain against the owners of said parcels of land and of any and all interests therein or claims thereto for the condemnation thereof for the public use of the county of San Mateo as aforesaid. . . . Each of said parcels sought to be taken includes only a part of an entire parcel or trust or piece of property, as specifically shown upon the map attached hereto.

" 'That all of the said land above described is necessary for the public use of plaintiff as a right of way for a highway, the location of said right of way is shown on the map attached hereto; the general route of said highway is from a northwesterly to a southeasterly direction and the termini of said highway are the cities of San Francisco and Burlingame, in the state of California, and that it is necessary that a fee simple title be taken by plaintiff in said land for the construction and maintenance of said highway.' "

In paragraph V the title and ownership of the defendants as shown by a search thereof is set forth. Paragraphs VI, VII, VIII and IX describe additional parcels owned by other defendants. The prayer is that the property be condemned " . . . to plaintiff's use . . . " and asks for " . . . a final decree in condemnation of said right of way placing title to the same in the county of San Mateo of the state of California. 6. That plaintiff be let into immediate possession of said premises." The map attached to the pleading has the legend printed thereon, "State of California—Joint Highway District No. 10, San Francisco and San Mateo Counties. Junipero Serra Boulevard Extension."

The complaint was filed January 5, 1934. On the same day there were also filed the affidavits of Joseph J. Phillips, E. J. Riordan and F. H. Somers. On the same date the

trial court made an order for the deposit of moneys with the clerk and that the plaintiff be let into the immediate possession of the property described in the complaint. On January 10th the trial court made a final order for possession reciting that the moneys had been paid as ordered and that the plaintiff immediately enter into possession. On February 7th, this petitioner served notice that on the nineteenth day of February, 1934, she would move the court for an order vacating the order for immediate possession. On February 16th, amended affidavits of Joseph J. Phillips, E. H. Riordan and F. H. Somers were filed. Thereafter the trial court made an amended order for immediate possession and use of land and right of way, and then on February 19, 1934, it made an amended final order for possession. The record also discloses the receipt of the county clerk for $4,061.20 as the total sum and the receipt specifically designates the amount in dollars and cents deposited for the account of each owner.

■ The petitioner asserts that the trial court had no jurisdiction to amend, modify or vacate its order *ex parte* and without notice or hearing afforded the parties. We think the point may not be sustained. The original orders purported to be made pursuant to the jurisdiction conferred by section 14, article I, of the Constitution. That section does not require that notice be given. Section 937 of the Code of Civil Procedure provides as follows: "An order made out of court without notice to the adverse party, may be vacated or modified, without notice, by the judge who made it; or may be vacated or modified on notice, in the manner in which other motions are made."

■ Claiming that the basic action was in effect in behalf of Joint Highway District No. 10, and that the action was brought under chapter 1025 of the Statutes of 1931, the petitioner asserts that section 33 of said statute is unconstitutional. The vice in the contention of the petitioner rests in the assumption that the action was brought under the provisions of chapter 1025 of the Statutes of 1931. There is nothing in the complaint showing such to be the fact. If the action had been so brought the pleading should have contained allegations showing that the said Joint Highway District had requested the county of San Mateo to bring the action. (Sec. 33, chap. 1025, Stats. 1931.) How-

ever, an examination of the pleading discloses no allegation to that effect. Several different statutes authorize boards of supervisors to institute condemnation proceedings. (Chap. 256, Stats. 1913; chap. 1025, Stats. 1931; Pol. Code, sec. 2690; Pol. Code, sec. 4041.7, title VII, part 3, Code Civ. Proc., and sec. 14, art. I, State Constitution.) An examination of the complaint in eminent domain clearly discloses that the plaintiff was proceeding under section 14, article I, of the Constitution and the procedure delineated in title VII, part 3, of the Code of Civil Procedure.

The amended order of the superior court is affirmed.

Nourse, P. J., and Spence, J., concurred.